UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 16, 2013

LETTER TO COUNSEL:

   RE: *Garland Conard v. Commissioner, Social Security Administration*;
      Civil No. SAG-12-2290

Dear Counsel:

  On August 12, 2012, the Plaintiff, Garland Conard, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

  Mr. Conard originally filed his claim on October 17, 2007, alleging that he became disabled on May 24, 2007. (Tr. 89-91). His claim was denied initially on December 21, 2007, and on reconsideration on June 30, 2008. (Tr. 69-72, 76-77). After a first hearing on December 4, 2008, before an Administrative Law Judge ("ALJ"), (Tr. 27-66), the ALJ denied benefits. (Tr. 8-24). Mr. Conard appealed to this Court, and the Commissioner consented to remand of the case in 2010. (Tr. 477-86). A second hearing was held on November 15, 2011. (Tr. 427-56). Following that hearing, on December 14, 2011, the ALJ again determined that Mr. Conard was not disabled during the relevant time frame. (Tr. 403-26). The Appeals Council denied Mr. Conard's request for review (Tr. 390-94), so the ALJ's 2011 decision constitutes the final, reviewable decision of the agency.

  The ALJ found that Mr. Conard suffered from the severe impairments of vision deficiency in the left eye with pain, status post sinus surgery, diabetes, and depression. (Tr. 408). Despite these impairments, the ALJ determined that Mr. Conard retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a). In addition, the claimant requires jobs that are simple, unskilled, and routine, meaning jobs with an SVP of 1 or 2 in nature, but is able to attend tasks and complete schedules, jobs that allow the claimant to deal with things rather than people with limited interaction with coworkers or supervisors, jobs that are low stress, low

> concentration, and low memory, meaning no production rate work, no decision-making or changes in the work setting, performing simple one or two step tasks, must avoid heights and hazardous machinery due to medication side effects of dizziness, must avoid bright lights, needs jobs which do not require good hearing acuity, but is able to lift 10 pounds occasionally and lesser amounts frequently, stand for 10 to 20 minutes, and sit for one hour, consistently, on an alternate basis, over an eight hour workday, subject to customary work breaks.

(Tr. 411-12).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Conard could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame.  (Tr. 417-18).

Mr. Conard presents four arguments on appeal: (1) that the ALJ erred at step two by failing to consider his left ear tinnitus and hearing loss to be a severe impairment; (2) that the ALJ failed to consider the combined effect, at step four, of his severe and non-severe impairments; (3) that the ALJ erred in making an adverse credibility assessment; and (4) that the ALJ assigned improper weight to the medical opinion evidence.  Each argument lacks merit.

First, Mr. Conard alleges that his tinnitus and hearing loss constituted severe impairments.  Pl. Mot. 12-15.  An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that his impairment is severe. *Johnson v. Astrue*, No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)).  The ALJ cited to substantial evidence to support the fact that Mr. Conard's hearing issues were non-severe, including treatment records from a primary care physician reflecting no hearing complaints.  (Tr. 409).  The ALJ incorrectly noted that Mr. Conard never complained of tinnitus and hearing issues during numerous visits to a neurologist in 2009 and 2010.  In fact, a review of the notes made by neurologist Dr. Joseph Handler reveals that Mr. Conard complained once of "chronic ringing in his left ear" in January 2010, two and a half years subsequent to the surgery that induced his hearing problems.  (Tr. 734).  However, even if I were to find that the ALJ erred in his evaluation of any of Mr. Conard's impairments at step two, such error would be harmless.  Because Mr. Conard made the threshold showing that other disorders constituted severe impairments, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Mr. Conard's ability to work. *See* 20 C.F.R. § 404.1523.  Accordingly, I find no basis for remand.

Second, Mr. Conard submits that the ALJ failed to consider his non-severe and severe impairments in combination in assessing his disability.  In fact, the ALJ expressly indicated his consideration of Mr. Conard's non-severe impairments, including dizziness and hearing impairment, and included specific limitations in the RFC to address those issues.  (Tr. 413) ("In addition, the undersigned has considered the claimant's non-severe hearing impairment in assessing a residual functional capacity for jobs that do not require good hearing acuity.").

*Garland Conard v. Commissioner, Social Security Administration*
Civil No. SAG-12-2290
April 16, 2013
Page 3

Mr. Conard's third argument is that the ALJ erred by making an adverse assessment of his credibility. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as the limiting effects of an impairment. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. Although there is no particular "credibility section," the ALJ's opinion includes multiple explanations for the adverse credibility determination. *See* (Tr. 414) ("Although the claimant alleged that he cannot afford to see a mental health doctor, he confirmed that he is presently receiving a disability retirement pension and there is no indication in the record that the claimant has pursued low income or no income options for obtaining mental health treatment."); *id.* ("The claimant reported that his medications make him dizzy and drowsy. However, Dr. Chester, in reviewing his medications, reported that it was not a sedating regimen."); (Tr. 416) ("Although the claimant testified that he lies down all day, the medical evidence of record does not support the severity of his alleged functional limitations. The claimant reported that he continues to drive despite his left eye vision deficiency, with mirrors to accommodate his monocular vision. In addition, the claimant acknowledged that he is able to take care of his personal needs, spend time with his girlfriend's children, and prepare simple meals."). Mr. Conard further alleges that the ALJ disregarded the statement of his girlfriend, Tammi Kennedy. Pl. Mot. 18-19. Ms. Kennedy's statement contained information consistent with Mr. Conard's own testimony about his functional capacity. (Tr. 632-40). An ALJ is not required to discuss, explicitly, each piece of non-medical evidence in a case. Where a third-party report is consistent with a claimant's testimony, an adverse credibility determination as to the claimant also implicitly demonstrates rejection of the third-party report. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000) (finding that where a properly supported adverse credibility determination is made, failure to discuss a consistent third-party report is "inconsequential.") Because the ALJ supported the adverse credibility determination in Mr. Conard's case with substantial evidence, remand is not appropriate.

Mr. Conard's fourth argument is that the ALJ improperly weighed the medical source opinions of treating physicians Dr. Mueller and Dr. Gabriel. Pl. Mot. 19-22. First, Mr. Conard submits that the 2011 ALJ opinion fails to mention the opinions of those physicians. However, the 2011 ALJ opinion expressly incorporated "[t]he detailed discussion of the prior documentary and testimonial evidence, issues, law and regulations, and evaluation of medical opinions as set forth in the decision dated July 17, 2009." (Tr. 406). The issue, then, is the adequacy of the analysis of those physicians' opinions in the 2009 ALJ opinion.[1] Both discussions were

---

[1] Plaintiff's Motion contains a sentence stating, "By failing to mention Dr. Namy's opinion, it must be presumed that the ALJ never even considered it." Pl. Mot. 22. That appears to be a typographical error, because discussion of Dr. Namey's opinion was the primary reason for the original remand of Mr. Conard's case. The 2011 ALJ opinion in fact contains extensive analysis of Dr. Namey's opinion. (Tr. 414-16).

adequate.

Although the opinions of treating physicians can be entitled to controlling weight, such an opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence of record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). With respect to Dr. Mueller, the only "opinion" stated simply that as a result of left optic neuropathy, Mr. Conard was disabled for any type of work. (Tr. 255). The "opinion" contained no medical analysis and simply contained Dr. Mueller's determination on an issue reserved to the Commissioner, namely Mr. Conard's ability to work. The ALJ noted that Mr. Conard remained able to drive, and further noted that he incorporated into the RFC restrictions to avoid bright lights and hazards. (Tr. 21). The ALJ therefore sufficiently analyzed, and assigned some weight to, Dr. Mueller's cursory "opinion." With respect to Dr. Gabriel, the ALJ noted that he afforded "no probative weight" to Dr. Gabriel's "restrictions of poor to no ability" in certain areas, because the areas in which Dr. Gabriel had assigned "poor to no ability" were mental health functions, and Dr. Gabriel had based his findings on physical limitations. (Tr. 20). The 2009 ALJ further cited the mental opinion evidence provided by the reviewing state agency psychologist, L. Payne, who found no significant limitations in Mr. Conard's understanding and memory. (Tr. 20). Finally, the 2011 ALJ opinion contains mental opinion evidence from Dr. French, Dr. Chester, and Dr. Namey, all of whom contradict Dr. Gabriel's assessment with respect to Mr. Conard's ability to understand, remember, and carry out simple instructions. (Tr. 416). The ALJ's assignment of weight to the opinions of Drs. Mueller and Gabriel was therefore supported by substantial evidence.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 16) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 17) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge